# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00044-CR

**Paul Rebolloso, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
## NO. D-1-DC-10-204099, THE HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Paul Rebolloso of three counts of aggravated robbery. *See* Tex. Penal Code § 29.03(a)(2). The jury found the enhancement paragraph alleging a prior felony conviction to be true and, pursuant to the repeat offender punishment provision of the Penal Code, assessed appellant's punishment at confinement for 35 years in the Texas Department of Criminal Justice for each count.[1] *See id.* § 12.42(c)(1). The trial court ordered the sentences to run concurrently. On appeal, appellant complains about error in the jury charge. Finding no reversible error, we affirm the judgments of conviction.

---

[1] Pursuant to the repeat offender provision of the Penal Code, the final felony conviction used for enhancement was an adjudication by a juvenile court under section 54.03 of the Family Code that appellant had engaged in delinquent conduct constituting a felony offense for which he was committed to the Texas Youth Commission. *See* Tex. Penal Code § 12.42(f).

**BACKGROUND**

The night of July 11, 2010, appellant and Carlos Zavala robbed three employees working at the Los Jaliscienses restaurant in Austin. They parked nearby in Zavala's pickup truck and entered the restaurant with white cloths covering their faces. Appellant, wearing a white hoodie, pointed a gun at the employees and yelled at them in Spanish not to move or call the police. Zavala, wearing a black hoodie, grabbed the cash register off of the counter and ran out of the restaurant. Appellant then followed.

As they fled the restaurant, a car began to follow them. Appellant approached the front of the car and pointed his gun at the driver. As the men then began making their way back to Zavala's truck,[2] appellant fired several shots in the air in the direction of the car. When they reached the truck, Zavala put the cash register in the back of the truck and the two drove away. As they drove off, Zavala hit the back of the car that had been following them. The car kept driving, and Zavala hit him again from behind. The impact caused the car to spin and strike another car that was stopped at a red light. Zavala's truck blew a tire and hit a pole. However, the truck was still operational. Zavala drove the truck to a nearby apartment complex.

At the apartment complex, Zavala and appellant got out of the truck. Appellant talked to some of the residents who, noticing the damaged condition of the truck as it entered the complex parking lot, approached to investigate. Soon thereafter, appellant and Zavala fled the apartment complex, jumping the fence when they saw police cars enter the complex. The police pursued the

---

[2] Initially, on exiting the restaurant, Zavala and appellant fled in the opposite direction of where the truck was parked.

men and both were apprehended. Appellant was discovered hiding in the bed of a pickup truck in a nearby hotel parking lot. Zavala was discovered hiding in a nearby dumpster. Both were arrested that night. Subsequently, they were both charged by indictment with three counts of aggravated robbery with a deadly weapon.[3]

## JURY INSTRUCTION

In the abstract portion of the guilt-innocence jury charge, the trial court instructed the jury about the accomplice-witness rule as follows:

> A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

*See* Tex. Code Crim. Proc. art. 38.14. In four points of error on appeal, appellant complains about the above instruction and argues that he suffered "some harm" as a result of the trial court's failure to properly instruct the jury about his co-defendant's testimony as an accomplice witness.

We review alleged jury-charge error in two steps: first, we determine whether error exists; if so, we then evaluate whether sufficient harm resulted from the error to require reversal. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012); *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005); *Swearingen v. State*, 270 S.W.3d 804, 808 (Tex. App.—Austin 2008, pet. ref'd).

---

[3] Each count named a different restaurant employee as the victim.

3

In his first point of error, appellant asserts that the trial court erred in failing to instruct the jury that Zavala was an accomplice as a matter of law. If a prosecution witness is an accomplice as a matter of law, the trial court is under a duty to instruct the jury accordingly. *Herron v. State*, 86 S.W.3d 621, 631 (Tex. Crim. App. 2002); *see Zamora v. State*, 411 S.W.3d 504, 510 (Tex. Crim. App. 2013). The failure to do so is error. *Herron*, 86 S.W.3d at 631. At trial, Zavala testified on behalf of the State. It is undisputed that Zavala, who had charges pending against him for his participation in the crime, is an accomplice as a matter of law. *See Smith v. State*, 332 S.W.3d 425, 439 (Tex. Crim. App. 2011) (witness indicted for same offense as accused is accomplice as matter of law); *Druery v. State*, 225 S.W.3d 491, 498 (Tex. Crim. App. 2007) ("An accomplice is a person who participates in the offense before, during, or after its commission with the requisite mental state."). Here, the trial court failed to inform the jury that Zavala was an accomplice as a matter of law. We agree with appellant that the omission of such an instruction was error.

In his remaining points of error, appellant contends that the accomplice-witness instruction given in the charge was incomplete and inadequate.[4] If a witness is an accomplice as a matter of law, the trial court is required to provide an accomplice-witness instruction to the jury that

---

[4] Appellant asserts that the accomplice-witness instruction was incomplete and inadequate in three "critical and mandatory respects" because it failed to instruct the jury that "(1) it could not convict on the basis of Zavala's testimony unless the jury believed it was true; (2) it could not convict on the basis of Zavala's testimony unless it connected [appellant] to the offenses charged; and (3) even if the jury found Zavala's testimony was truthful and connected [appellant] to the offenses, it could only convict in the event there was other testimony corroborative of Zavala's testimony which tended to connect [appellant] with the offenses charged." *See Campbell v. State*, 123 S.W. 583, 584 (Tex. Crim. App. 1909).

informs the jury that it cannot use the accomplice's testimony to convict the accused unless there also exists some non-accomplice evidence tending to connect the accused to the offense. *Herron*, 86 S.W.3d at 631–32. Contrary to appellant's assertions, however, there is no mandated instruction or particular language required in the instruction.[5]

The purpose of the accomplice-witness instruction is to remind the jury that it cannot use the accomplice's testimony to convict the defendant unless there also exists some non-accomplice testimony tying the defendant to the offense. *Cocke v. State*, 201 S.W.3d 744, 747 (Tex. Crim. App. 2006) (citing *Herron*, 86 S.W.3d at 632). However, while there is no particular language required, certain instructions have been deemed necessary to effectuate the purpose of the instruction. The instruction must identify an accomplice as a matter of law or as a matter of fact, explain the definition of an accomplice, and set forth the statutory corroboration requirement—the existence of some non-accomplice evidence tending to connect the accused to the offense. *See Zamora*, 411 S.W.3d at 510; *see also Holladay v. State*, 709 S.W.2d 194, 198 (Tex. Crim. App. 1986) (noting that when provisions of article 38.14 and its precursors were implicated, instruction was held sufficient if it: (1) defined term accomplice; (2) gave statutory prohibition against conviction on uncorroborated accomplice testimony; (3) stated that corroboration must tend to connect accused with commission of offense; and (4) applied law to facts of case). Here, as

___

[5] Relying on a 1909 Court of Criminal Appeals case, *Campbell v. State*, appellant asserts that the trial court's failure here to give certain instructions given in that case "is error under *Campbell*." However, while the *Campbell* court suggested the instruction appellant relies on "should be given" and "approved [it] as a correct charge," it is not a mandatory instruction. *See Campbell*, 123 S.W. at 584 (providing approved jury instruction for accomplice-witness testimony but also approving jury instructions "on this subject" in other cases decided that term).

previously discussed, the trial court's instruction did not identify Zavala as an accomplice as a matter of law. Also, while the instruction did set forth the statutory requirement of non-accomplice evidence tending to connect appellant to the offense, it failed to explain or define the term "accomplice." Accordingly, although we reject appellant's contention that the charge was erroneous because it lacked the specific *Campbell* instructions, we conclude that the accomplice-witness instruction given was incomplete.

We must now ascertain whether the error in the jury charge relating to the accomplice-witness instruction requires reversal. The degree of harm required for reversal depends on whether the jury-charge error was preserved in the trial court. If the appellant objected to the error at trial, reversal is required if the error "is calculated to injure the rights of the defendant," which has been defined to mean that there is "some harm." *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009) (quoting *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g)). In contrast, if the appellant did not object at trial, the error must be "fundamental," and reversal is required only if the error was so egregious and created such harm that the defendant "has not had a fair and impartial trial." *Id.*

After giving both sides an opportunity to review the court's charge, the following occurred during the charge conference:

> THE COURT: Let the record reflect the defendant is present.
> Speaking on the State's behalf, have you all had enough time to review the charge?
>
> PROSECUTOR: We have, Your Honor. The Court provided an advanced copy of it yesterday, so the State has had an adequate time to review the charge and make suggestions.

THE COURT: Have you had a sufficient amount of time to review the charge and make any objections?

PROSECUTOR: Yes, Your Honor.

THE COURT: Okay. Defense?

DEFENSE COUNSEL: I have, Judge, but I haven't taken advantage of the time the Court has provided me.

THE COURT: I will tell you this: I made the change that you requested. I added accomplice, Section 38.14 of the Code of Criminal Procedure, testimony of an accomplice. That was added.

DEFENSE COUNSEL: Thank you, Judge.
Judge, I do have an objection and request for -- an omission request or addition. We have a mere presence instruction on this case which says mere presence alone will not constitute one a party to the offense. I would suggest, Judge, that given the nature of the affirmative acts that we have to add language that basically knowledge -- failure to disclose or even concealing the existence of the crime will not render one a party. And the case law I would cite to the Court, which unfortunately I have now misplaced was from Medina versus State. I believe it's 7 S.W.2d 633, which discussed basically an accomplice witness, what makes an accomplice witness, but there is case law out there which says an accomplice witness is a party. And, therefore, my position would be that the mere presence instruction does not adequately inform the jury the true and correct scope of what will -- what presence -- what conduct only constitutes mere presence, Judge. Therefore, they are inadequately advised as to this instruction.

PROSECUTOR: Judge, I think that would be an unfair comment on the weight of the evidence, and frankly, I think we are at the point with the way the evidence has played out, I think it's even generous for them to be getting that instruction because there has been no evidence to indicate there is any third person or fourth or fifth person involved in this case.

DEFENSE COUNSEL: Well, Judge, there will be once the DNA [sic] presents their DNA, the conclusion of their evidence, the DNA that was recovered.

THE COURT: Okay. That request is denied.

DEFENSE COUNSEL: Yes, ma'am.

THE COURT:  Anything else?

DEFENSE COUNSEL:  Not that I've seen, Judge.

Thus, apparently during an off-the-record charge conference, appellant requested some type of instruction relating to the accomplice-witness rule.  Appellant asserts that his off-the-record request sufficed to preserve error.  We disagree.

The trial judge indicated that she "made the change [appellant] requested."  As no instruction concerning Zavala's status as an accomplice as a matter of law appears in the court's charge, appellant apparently did not request such an instruction during the off-the-record conversation.  Appellant maintains that his "request for a charge on the accomplice witness rule was sufficient to put the court on notice that the jury should have been instructed Zavala was an accomplice as a matter of law."  However, the purpose of preserving jury charge error by asserting either an objection or a requested charge, *see* Tex. Code Crim. Proc. arts. 36.14, 36.15, is to enable a trial judge to know in what respect a defendant regards the charge to be defective and to afford the judge an opportunity to correct it before reading the charge to the jury.  *Brown v. State*, 716 S.W.2d 939, 943 (Tex. Crim. App. 1986); *Hall v. State*, No. 12-11-00260-CR, 2012 WL 1623465, at *1 (Tex. App.—Tyler May 9, 2012, no pet.) (mem. op., not designated for publication); *Skillern v. State*, 890 S.W.2d 849, 868 (Tex. App.—Austin 1994, pet. ref'd).  Here, in addition to his apparent failure to articulate that he wanted an instruction that Zavala was an "accomplice as a matter of law" during the off-the-record conversation, appellant did not object or request further instruction about accomplice testimony after the trial court added his requested instruction to the charge.  In fact, appellant thanked the judge for including his requested instruction.

8

Nor did appellant complain that the accomplice-witness instruction given was incomplete or inadequate, as he does now on appeal.[6] The comments of the trial judge during the charge conference reflect that she believed the changes she made in the jury charge in response to appellant's requested instruction adequately addressed his complaint about the omission of the law regarding the accomplice-witness rule, and appellant gave no indication otherwise. Nothing in the record suggests that the trial court was aware that appellant found the included instruction on the accomplice-witness testimony to be deficient. Certainly, nothing in the record demonstrates that appellant requested, but the trial court refused, an instruction that Zavala was an accomplice as a matter of law or the specific *Campbell* instructions about which appellant now complains.

Based on the record before us—the apparently general nature of appellant's off-the-record request for an accomplice-witness instruction and the lack of any attempt by appellant to further object or clarify the issue for the trial judge during the charge conference after the requested instruction was included—we cannot conclude that the trial judge was aware of appellant's desire for an instruction on Zavala's status as an accomplice as a matter of law or the instructions given in *Campbell*. Furthermore, the record reflects that appellant received what he asked for. Thus, we hold that appellant did not preserve the jury-charge error at trial. Accordingly, reversal is required only if appellant suffered egregious harm.

---

[6] Although appellant did assert that "[the jury is] inadequately advised about this instruction" during the charge conference, the inadequate instruction complained-of concerned the "mere presence" instruction of party liability: "the mere presence instruction does not adequately inform the jury the true and correct scope of what . . . conduct only constitutes mere presence[.]"

The accomplice-witness instruction informs the jury that it cannot use the accomplice-witness testimony unless there also exists some non-accomplice evidence connecting the defendant to the offense. *Herron*, 86 S.W.3d at 632. Therefore, non-accomplice evidence can render harmless a failure to submit an accomplice-witness instruction by fulfilling the purpose the instruction is meant to serve. *Id.* Under the egregious harm standard, the omission of an accomplice witness instruction is generally harmless unless the corroborating (non-accomplice) evidence is "so unconvincing in fact as to render the State's overall case for conviction clearly and significantly less persuasive." *Id.* (quoting *Saunders v. State*, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991)); *see Casanova v. State*, 383 S.W.3d 530, 534 (Tex. Crim. App. 2012). Here, the jury heard ample non-accomplice evidence that tended to connect appellant to the Los Jaliscienses robbery.

First, appellant's girlfriend at the time of the robbery testified that she was with appellant at the time he acquired a gun (a revolver, the same type of gun used in the robbery) and that he told her about his plans to rob a Mexican restaurant. Also, she received a communication from appellant on her MySpace page just after the robbery in which he made incriminating statements, expressing that he had "fucked up" and was going to jail for a long time. In addition, all three restaurant employees identified two men as the robbers and all three consistently described the one wearing the white hoodie as the gunman. The night of the robbery, police recovered a white hoodie from the apartment complex near Zavala's truck. Appellant could not be excluded as a contributor to the DNA profile mixture recovered from the hoodie.

Further, appellant was seen running with a gun in the vicinity of the restaurant along with someone carrying a cash register immediately after the robbery. In particular, Martin Belmontes

was the driver of the car that began following appellant and Zavala as they ran from the restaurant. He observed two men running, one with a cash register and one with a gun. The man with the gun approached the front of Belmontes's car and pointed the gun directly at him. Belmontes identified appellant as the man who pointed the gun at him (and fired several shots in the car's direction) later that night at the scene and again during his testimony at trial.

In addition, evidence linked appellant to the truck where the stolen cash register was found. Residents at the apartment complex saw appellant with Zavala, exiting the passenger side of the damaged truck immediately after the robbery. Also, appellant's DNA and fingerprints were found on the passenger side door of the truck.

Finally, when the police apprehended appellant, an officer questioned him about the gun used in the robbery. After initially lying about its location (that it was under the seat in Zavala's truck), appellant disclosed the precise location of the gun—hidden next to a building at the apartment complex about 30 feet from Zavala's truck. The gun had been taken apart and several pieces were missing. When he was arrested, appellant had gun parts in his pocket that matched the missing parts of the gun. Moreover, appellant's DNA was on the grips of the gun.

The non-accomplice testimony in this case is not so unconvincing as to render the State's case clearly and significantly less persuasive. *See Casanova*, 383 S.W.3d at 539–40 ("[A]s the corroborating evidence gains in strength to the point that it becomes implausible that a jury would fail to find that it tends to connect the accused to the commission of the charged offense, then a reviewing court may safely conclude that the only resultant harm is purely theoretical and that there is no occasion to reverse the conviction, even in the face of an objection, since the jury would almost

11

certainly have found that the accomplice witness's testimony was corroborated had it been properly instructed that it must do so in order to convict."). We find that appellant did not suffer egregious harm from the lack of a complete accomplice-witness instruction. Accordingly, we overrule appellant's four points of error.

## CONCLUSION

Concluding that the error in the jury charge was harmless, we affirm the trial court's judgments of conviction.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed: May 8, 2014

Do Not Publish